UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD J. HOWARD,

    Plaintiff,

v.                              Case No. 8:16-cv-2849-T-27MAP

DAVID GEE, *et al*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Falkenburg Jail, brings this action against David Gee (Hillsborough County Sheriff), as well as jail officials. Plaintiff, proceeding *pro se*, complains of his living conditions in jail (doc. 1). He alleges that the unit he lives in is filthy and freezing cold. At issue now is whether the Plaintiff's Complaint (doc. 1), as well as his motion to proceed *in forma pauperis* (doc. 2), satisfies the threshold demands of 28 U.S.C. § 1915.[1] After consideration, I find that Plaintiff's complaints about his living conditions do not state a viable claim and recommend Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) be denied.

The Supreme Court has repeatedly stated that the Constitution does not mandate "comfortable" conditions in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v.*

---

[1] Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

*Chapman*, 452 U.S. 337, 349 (1981). Nonetheless, the Eighth Amendment places restraint on prison officials, who may not use excessive force against prisoners and who must provide humane conditions on confinement. *Farmer*, 511 U.S. at 832-33; *Hudson v. McMillian*, 503 U.S. (1992). *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984). To state a viable claim that living conditions violate an inmate's Eighth Amendment rights, the inmate must allege (among other things) facts showing first that the conditions are "extreme" and pose "an unreasonable risk of serious damage" to the inmate's health or safety. *Mitchell v. Fulton Cty. Jail*, No. 1:16-CV-1932-WSD-JKL, 2016 WL 4492860, at *3 (N.D. Ga. June 23, 2016), report and recommendation adopted, No. 1:16-CV-1932-WSD, 2016 WL 4479508 (N.D. Ga. Aug. 25, 2016) (citing *Farmer*, 511 U.S. at 834; *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)). "Generally speaking, [jail] conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289. "[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Id.* at 1295.

Plaintiff complains about cold temperatures[2], foul smells, and lack of a toilet brush. These conditions are not "extreme" enough to state an Eighth Amendment violation, nor has Plaintiff established that he is in substantial risk of serious harm. *See Alfred v. Bryant*, 378 F. App'x. 977, 980 (11th Cir. 2010) (finding that living conditions in jail cell consisting of a steel bed with no mattress for eighteen days and occasionally overflowing toilet were "not so extreme as to violate contemporary standards of decency"); *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th

---

[2] The jail is located in Florida, so the "freezing" conditions are the result of an air conditioner; Plaintiff is not being exposed to harsh winter conditions. *Compare Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (ice forming in cells).

Cir. 2010) (no Eighth Amendment claim when inmate in an isolation cell with limited outdoor recreation and lack of access to hygiene items); *Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009) (any failure to issue prisoner winter underwear, boots, galoshes, sweater, gloves, scarves, or wool socks did not rise to the level of objectively serious harm necessary to show an Eighth Amendment violation, absent showing that prisoner was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter); *Skandha v. Savoie*, 811 F. Supp. 2d 535, 540 (D. Mass. 2011) (inmate did not state an Eighth Amendment clam when there was no evidence that it was dangerously cold).

Accordingly, I RECOMMEND:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) be DENIED.

2. Plaintiff's Complaint (doc. 1) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida on October 21, 2016.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.